**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DERRICK MONTE HAIRSTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:11CR313-1<br>1:13CV83 |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This Court (per now-Chief United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 235 months, upon his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket Entry 21; <u>see also</u> Docket Entries dated Dec. 15, 2011, and Apr. 26, 2012 (documenting guilty plea and sentencing, respectively).)[1] Petitioner did not appeal (<u>see</u> Docket Entry 23, ¶ 8; <u>see also</u> Docket Entries dated Apr. 26, 2012, to present (reflecting no notice of appeal)), but did timely file a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 23), along with a Memorandum of Law in Support (Docket Entry 24). The United States

---

[1] Parenthetical citations refer to Petitioner's criminal case.

responded (Docket Entry 30) and Petitioner replied (Docket Entry 33). Petitioner also filed a Motion to Amend. (Docket Entry 32.)

Petitioner's Section 2255 Motion asserts two claims: 1) his counsel "was ineffective for failing to object to the [] finding that [he] qualified as an Armed Career Criminal . . . [w]here the Government used priors that were not sep[a]rated by an intervening arrest, were related, . . . and were consolidated for trial and sentencing" (Docket Entry 23, ¶ 12(Ground One)(a) (citing U.S.S.G. §§ 4A1.2(a) & (c), 4B1.1)); and 2) his "counsel was ineffective for failing to object to the [] use of his [o]ffense's [sic] committed prior to the age eighteen . . . to establish the [t]wenty-[t]hree (23) points used in his [C]riminal [H]istory [C]at[e]gory" (id., ¶ 12(Ground Two)(a)). Petitioner's Motion to Amend "supplement[s] [those two claims by additionally seeking relief based on] Alleyne v. United States, [___ U.S. ___,] 133 S. Ct. 2151 (2013) and Descamps v. United States, [___ U.S. ___, 133 S. Ct. 2276 (2013)] . . . ." (Docket Entry 32 at 2.)[2] All of these claims lack merit.

---

[2] At the time Petitioner filed his instant Motion to Amend (i.e., less than 21 days after the United States filed its Response to his instant Section 2255 Motion, as ordered by the Court (see Docket Entry 26)), he could amend his instant Section 2255 Motion without leave of the Court, see Fed. R. Civ. P. 15(a)(1)(B); see also United States v. MacDonald, 641 F.3d 596, 616 (4th Cir. 2011) (holding that "Rule 15 is applicable to § 2255 motions"), and without regard to the possible futility of any new claims, see Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010). Accordingly, this Memorandum Opinion treats Petitioner's Motion to Amend as an amendment to his instant Section 2255 Motion.

2

As to Ground One, "[t]he ACCA [Armed Career Criminal Act, 18 U.S.C. § 924(e)] mandates a minimum fifteen-year prison sentence for a person convicted of unlawful possession of a firearm who has three previous convictions for a violent felony . . . committed on occasions different from one another." United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014) (internal brackets, ellipses, and quotation marks omitted). "Thus, what matters under § 924(e) is whether three violent felonies were committed on different occasions; whether they are considered 'related cases' under § 4A1.2 is irrelevant." United States v. Medina-Gutierrez, 980 F.2d 980, 983 (5th Cir. 1992) (internal brackets omitted), cited with approval, United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998); see also United States v. Norton, 584 F. App'x 158, 159 (4th Cir. 2014) ("[The defendant] contends that his two North Carolina common law robbery convictions should be counted as only one predicate offense for the purpose of the [ACCA] enhancement because they were part of a consolidated judgment. Although we held in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), that a consolidated sentence for multiple North Carolina convictions is to be treated as a single sentence for purposes of the career offender enhancement [under U.S.S.G. § 4B1.1, which in turn relies on the conviction-counting rule in U.S.S.G. § 4A1.2(a) & (c)], id. at 219, Davis does not apply in the context of the ACCA. We reiterate that 'nothing in § 924(e) or the Guidelines suggests that offenses must

3

be tried or sentenced separately in order to be counted as separate predicate offenses,' and that 'the only requirement for applying the [ACCA] enhancement is that the predicate offenses be committed on occasions different from one another.' United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) (internal quotation marks omitted)." (internal brackets omitted)), cert. denied, ___ U.S. ___, 135 S. Ct. 1461 (2015); United States v. Wright, 254 F. App'x 974, 975 (4th Cir. 2007) ("The plain language of § 924(e) does not require an intervening arrest or period of incarceration to impose the fifteen year enhanced penalty but imposes the penalty on anyone who has committed three predicate offenses 'on occasions different from one another.' 18 U.S.C. § 924(e).").

The record establishes (based on the underlying state-court judgments) that Petitioner sustained convictions for robberies of three different people on three different dates (i.e., October 19, 23, and 26, 2008). (See Docket Entry 11 at 1; Docket Entry 34, ¶¶ 36-38.) "[Petitioner] does not dispute the fact of the prior convictions . . . [and] his argument that the prior convictions are related [for purposes of Section 924(e), i.e., did not occur on different occasions, is] without merit because the crimes occurred on different dates, which allowed [him] the opportunity to 'make a conscious and knowing decision' to engage in subsequent criminal acts." United States v. Thompson, 170 F. App'x 846, 847 (4th Cir. 2006) (quoting United States v. Letterlough, 63 F.3d 332, 337 (4th

4

Cir. 1995)); see also United States v. Romero-Leon, 488 F. App'x 302, 305 (10th Cir. 2012) ("There is no question, then, that [the defendant's] prior offenses took place on separate occasions as they occurred on separate dates . . . ."); United States v. Terry, 284 F. App'x 242, 247 (6th Cir. 2008) ("[The defendant's] two robberies of different victims on different dates clearly constitute offenses committed on occasions different from one another." (internal footnote and quotation marks omitted)). Accordingly, the Court properly treated those three prior robbery convictions as ACCA predicates and Petitioner can show neither deficient performance nor prejudice in connection with his counsel's decision to refrain from contesting that point. See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . ."); see also Strickland v. Washington, 466 U.S. 668, 687-94 (1984) (holding that ineffective assistance claims require proof that counsel's performance fell below reasonable standard for defense attorneys and that prejudice resulted).

Ground Two similarly fails as a matter of law for at least two reasons. First, as well-explained by the United States in its Response (see Docket Entry 30 at 13-17 (discussing U.S.S.G. § 4A1.2(d) & (e), as well as U.S.S.G. § 4A1.2, cmt. nn.7 & 11)), the Presentence Report properly assigned criminal history points to

5

Petitioner's juvenile adjudications and adult convictions from before he turned 18, because his federal offense occurred less than five years after his release from sentences imposed on those adjudications/convictions; as a result, Petitioner cannot establish ineffective assistance based on his counsel's failure to object to such matters, see Oken, 220 F.3d at 269.  Second, Petitioner cannot show the requisite prejudice under Strickland because, even without the criminal history points his counsel allegedly should have challenged, Petitioner still independently would have qualified for Criminal History Category VI based on both/either:

    1) the remaining number of his criminal history points (i.e., 13 (see Docket Entry 34, ¶¶ 36-39, 41, 43-45)),[3] see U.S.S.G. Ch. 5, Pt. A (setting 13 criminal history points as threshold for Criminal History Category VI); and/or

    2) the combination of his Armed Career Criminal status (see Docket Entry 34, ¶¶ 21, 36-38, 48), with his possession of the firearm (underlying his federal conviction) in connection with the crimes of violence of attempted robbery with a dangerous weapon, assault with a deadly weapon with intent to kill, and discharging a firearm into an occupied vehicle (see id., ¶¶ 4-11, 15), see U.S.S.G. § 4B1.4(c)(2) (mandating placement of Armed Career

---

[3] That sum excludes a single criminal history point otherwise countable under U.S.S.G. § 4A1.1(e) (Docket Entry 34, ¶ 40), due to the limitation "to a total of 3 points for th[at] subsection," U.S.S.G. § 4A1.1(e).

Criminals in "Category VI, if [they] used or possessed the firearm or ammunition in connection with [] a crime of violence, as defined in §4B1.2(a)"); see also United States v. Wilkerson, 492 F. App'x 447, 449 (4th Cir. 2012) ("[D]ischarge of a firearm into an occupied vehicle [is] properly counted as a crime of violence because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" (quoting U.S.S.G. § 4B1.2 cmt. n.1) (construing North Carolina law)); Hearne v. United States, Nos. 1:03cr217-1, 1:10cv25, 2014 WL 897004, at *11 (M.D.N.C. Mar. 6, 2014) (unpublished) (Schroeder, J.) (recognizing that North Carolina "assault with a deadly weapon" offenses constitute crimes of violence under the Guidelines); Worthy v. United States, Nos. 1:10CV563, 1:07CR127-1, 2011 WL 1062529, at *3 (M.D.N.C. Mar. 21, 2011) (unpublished) (Dixon, M.J.) ("[A]ttempted robbery in North Carolina is, by definition, a crime involving the use, attempted use, or threatened use of force against the person of another. As such, it is also a predicate offense under USSG § 4B1.1." (internal footnote omitted)).

Finally, in his Motion to Amend, Petitioner has asserted that Alleyne and Descamps "have a direct impact on his sentence." (Docket Entry 32 at 2.) Petitioner's Motion to Amend does not explain how Descamps, "which reiterated the elements-centric approach for determining whether a prior conviction constitutes a crime of violence for sentencing purposes," United States v. Rosas-

7

Rosas, 547 F. App'x 271, 272 (4th Cir. 2013), purportedly affected the lawfulness of his sentence. (See Docket Entry 32 at 2-3.) Regarding Alleyne, "which overruled the distinction, for Sixth Amendment purposes, between facts that increase a statutory maximum sentence and those that increase only a statutory minimum sentence," United States v. Gambill, 554 F. App'x 168, 168 (4th Cir.), cert. denied, ___ U.S. ___, 134 S. Ct. 2857 (2014), Petitioner's Motion to Amend appears to contend that the Court erred by "impos[ing] extra punishment upon him for prior 'act's' [sic] and 'crime's' [sic] that [he] never pled guilty to at the Rule 11(c) Hearing." (Docket Entry 32 at 2 (emphasis in original).) Petitioner has not stated a viable collateral claim based on Alleyne or Descamps.[4]

As an initial matter, Petitioner's Descamps "claim is vague, conclusory, speculative, and unsupported and fails for all these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks

---

[4] Petitioner's Alleyne and Descamps claims likely also fail due to untimeliness, but, given their patent legal deficiency, the Court need not delve into that subject.

8

omitted)). Moreover, Descamps provides no conceivable basis for Petitioner to challenge his sentence. "In this regard, Descamps did not overrule Almendarez-Torres v. United States, 523 U.S. 224, 228-35 (1998), which held that the fact of a prior conviction that may increase a penalty may be found by the district court and does not need to be submitted to a jury and proven beyond a reasonable doubt. The Almendarez-Torres opinion remains authoritative." United States v. Doe, 593 F. App'x 247, 248 (4th Cir. 2015) (citing United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014), cert. denied, ___ U.S. ___, 135 S. Ct. 942 (2015), and United States v. Graham, 711 F.3d 445, 455 n.8 (4th Cir.), cert. denied, ___ U.S. ___, 134 S. Ct. 449 (2013)) (internal parallel citations omitted). Further, "courts have consistently held both before and after Descamps that [North Carolina] common-law robbery [offenses are] . . . countable [for ACCA purposes] . . . ." Caldwell v. United States, No. 3:14CV348MOC, 2014 WL 2986025, at *1 (W.D.N.C. July 2, 2014) (unpublished). Simply put, "there is no ambiguity that all convictions for common law robbery under North Carolina [law] qualify under the ACCA as 'violent felonies' as all such convictions have as an essential element the taking from 'another by means of force or fear.'" Id. at *2. The Court thus did not contravene Descamps by counting Petitioner's common law robbery convictions as ACCA predicates and sentencing him accordingly.

Petitioner's argument based on Alleyne fares no better. His Motion to Amend declares that "the Alleyne Court purposely omitted the other than a prior conviction language [used in Apprendi v. New Jersey, 530 U.S. 466 (2000)] and emphasized that every fact that increase's [sic] a sentence '*must*' be considered an '*element*' of the offense and is thus essential to the punishment that will be imposed." (Docket Entry 32 at 2 (internal brackets omitted) (emphasis in original).) In fact, the Alleyne Court stated: "In Almendarez-Torres, we recognized a narrow exception to th[e] general rule [that facts which increase a statutory maximum trigger the Sixth Amendment jury right] for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." Alleyne, ___ U.S. at ___ n.1, 133 S. Ct. at 2180 n.1 (internal citation omitted). "[B]ecause Alleyne did not disturb Almendarez-Torres, which authorizes a district court to apply an enhanced sentence based upon its finding of applicable prior convictions, [Petitioner's] challenge must fail." United States v. Croft, 533 F. App'x 187, 188 (4th Cir. 2013) (internal citation omitted); see also McDowell, 745 F.3d at 124 (stating, in wake of Alleyne, that "Almendarez-Torres remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary").

In sum, Petitioner's claims do not warrant collateral relief.

10

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 23) and his Motion to Amend (Docket Entry 32) (construed as an amendment to his Section 2255 Motion authorized by Federal Rule of Civil Procedure 15(a)(1)(B)) be denied without issuance of a certificate of appealability.

                                        /s/ L. Patrick Auld
                                             **L. Patrick Auld**
                                **United States Magistrate Judge**

June 16, 2015