IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK MONTE HAIRSTON,           )
                                  )
        Petitioner,                )
                                  )
        v.                         )        1:11CR313-1
                                  )        1:13CV83
UNITED STATES OF AMERICA,          )
                                  )
        Respondent.                )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This Court (per now-Chief United States District Judge William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 235 months, upon his guilty plea to possessing a firearm as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docket Entry 21; <u>see also</u> Docket Entries dated Dec. 15, 2011, and Apr. 26, 2012 (documenting guilty plea and sentencing, respectively).)[1] Petitioner did not appeal (<u>see</u> Docket Entry 23, ¶ 8; <u>see also</u> Docket Entries dated Apr. 26, 2012, to present (reflecting no notice of appeal)), but did timely file a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 23), along with a Memorandum of Law in Support (Docket Entry 24). The United States responded (Docket Entry 30) and Petitioner replied (Docket Entry 33). Petitioner also filed a Motion to Amend. (Docket Entry 32.)

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Petitioner's Section 2255 Motion asserts two claims: 1) his counsel "was ineffective for failing to object to the [] finding that [he] qualified as an Armed Career Criminal . . . [w]here the Government used priors that were not sep[a]rated by an intervening arrest, were related, . . . and were consolidated for trial and sentencing" (Docket Entry 23, ¶ 12(Ground One)(a) (citing U.S.S.G. §§ 4A1.2(a) & (c), 4B1.1)); and 2) his "counsel was ineffective for failing to object to the [] use of his [o]ffense's [sic] committed prior to the age eighteen . . . to establish the [t]wenty-[t]hree (23) points used in his [C]riminal [H]istory [C]at[e]gory" (id., ¶ 12(Ground Two)(a)). Petitioner's Motion to Amend "supplement[s] [those two claims by additionally seeking relief based on] Alleyne v. United States, [___ U.S. ___,] 133 S. Ct. 2151 (2013) and Descamps v. United States, [___ U.S. ___, 133 S. Ct. 2276 (2013)] . . . ." (Docket Entry 32 at 2.) The undersigned United States Magistrate Judge previously issued a Memorandum Opinion and Recommendation treating Petitioner's Motion to Amend as an amendment[2] and recommending denial of all his claims.

---

[2] At the time Petitioner filed his Motion to Amend (i.e., less than 21 days after the United States filed its Response to his Section 2255 Motion, as ordered by the Court (see Docket Entry 26)), he could amend his Section 2255 Motion without leave of the Court, see Fed. R. Civ. P. 15(a)(1)(B); see also United States v. MacDonald, 641 F.3d 596, 616 (4th Cir. 2011) (holding that "Rule 15 is applicable to § 2255 motions"), and without regard to the possible futility of any new claims, see Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010).

2

Petitioner now has filed a document entitled "Reply to the Government's Response," which asserts:

> The government continues to error [sic] in their findings, for obvious reasons. Due to North Carolina's claim, common law robbery fits within the definition of a violent felony in the residual clause of [18 U.S.C.] § 924(e)(2)(B)(ii). Caldwell v. U.S.A., [No. 3:14CV348MOC,] 2014 U.S. Dist. LEXIS 90300, 2014 WL 2986025 [(W.D.N.C. July 2, 2014) (unpublished)]. The law has changed since the government briefed this case. [In] Johnson v, United States, [___ U.S. ___, 135 S. Ct. 2551 (2015),] the Supreme Court determined that the residual clause of the A.C.C.A. [Armed Career Criminal Act] was void for vagueness, making such provision unconstitutional. Thus it was error to designate him as an A.C.C.A. Offender.

(Docket Entry 40 at 1-2 (internal unmatched quotation mark and ellipsis omitted).) In other words, rather than objecting to the recommended denial of the claims actually presented in his Section 2255 Motion and his prior amendment, Petitioner effectively seeks to raise yet another distinct collateral claim. Assuming that Petitioner's new Johnson claim qualifies as timely under 28 U.S.C. § 2255(f)(3), see Price v. United States, 795 F.3d 731 (7th Cir. 2015) (holding that, in Johnson, Supreme Court adopted new rule of constitutional law and made it retroactive on collateral review); but see In re Rivero, 797 F.3d 986 (11th Cir. 2015) (rejecting Price), the Court should decline to allow its addition to this case on grounds of futility, see United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (holding that "futility of amendment" warrants denial of leave to amend in Section 2255 context).

3

Specifically, Petitioner's North Carolina common law robbery convictions remain "violent felon[ies]" within the meaning of the Armed Career Criminal Act ("ACCA") under the portion of the definition known as the "'force clause' -- which covers crimes that have 'as an element the use, attempted use, or threatened use of physical force against the person of another,'" United States v. Shell, 789 F.3d 335, 341 (4th Cir. 2015) (quoting portion of U.S.S.G. § 4B1.2(a)(1) that mirrors 18 U.S.C. § 924(e)(2)(B)(i)). See United States v. Manning, 564 F. App'x 723, 726 (4th Cir. 2014) (stating that "robbery . . . has as an offense element in . . . North Carolina 'the use, attempted use, or threatened use of physical force against the person of another'" (quoting U.S.S.G. § 4B1.2(a)(1)) (citing State v. Carter, 186 N.C. App. 259, 263, 650 S.E.2d 650, 653 (2007))); United States v. Lewis, 538 F. App'x 321, 322 (4th Cir. 2013) (ruling that North Carolina common law robbery constitutes violent felony under ACCA and citing United States v. Presley, 52 F.3d 64, 69 (4th Cir. 1995), which (A) observed that Virginia adopted "common law definition of robbery . . . defined as the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation," and (B) held that: "Violence is the use of force. Intimidation is the threat of the use of force. Thus, because robbery in Virginia has as an element the use or threatened use of force, [Virginia] robbery convictions were properly used as

4

predicates under ACCA." (internal quotation marks omitted)); United States v. Bowden, 975 F.2d 1080, 1082 (4th Cir. 1992) (declaring that, in North Carolina, "common-law robbery plainly has as an element the use, attempted use, or threatened use of physical force against the person of another" (internal quotation marks omitted) (citing State v. Herring, 322 N.C. 733, 739-40, 370 S.E.2d 363, 368 (1988))); Williams v. United States, Nos. 1:12CR110, 1:14CV832, 2015 WL 277672, at *2 (M.D.N.C. Jan. 22, 2015) (unpublished) (Auld, M.J.) ("'[T]here is no ambiguity that all convictions for common law robbery under North Carolina law qualify under the ACCA as "violent felonies" as all such convictions have as an essential element the taking from "another by means of force or fear."'" (quoting Caldwell, 2014 WL 2986025, at *1) (internal brackets omitted)), recommendation adopted, slip op. (M.D.N.C. Apr. 23, 2015) (Eagles, J.);[3] Thomas v. United States, Nos. 1:10CV694, 1:07CR419-1, 2011 WL 2489764, at *2 (M.D.N.C. Mar. 16, 2011) (unpublished) (Sharp, M.J.) ("[A]ttempted common law robbery in North Carolina is a crime involving the use, attempted use, or threatened use of force against the person of another . . . ." (citing State v. Parker, 322 N.C. 559, 566, 369 S.E.2d 596, 600 (1988))), recommendation adopted, 2011 WL 2463753 (M.D.N.C. June

---

[3] The lone case cited by Petitioner (Caldwell) thus actually recognizes that North Carolina common law robbery qualifies as a violent felony under the force clause.

5

21, 2011) (unpublished) (Beaty, C.J.); State v. Elkins, 210 N.C. App. 110, 113-14, 707 S.E.2d 744, 748 (2011) ("The elements of common-law robbery are 'the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear.' . . . The element of force, which requires proof of a taking either by violence or putting the victim in fear, may be 'actual or constructive.'" (quoting State v. Smith, 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982), and State v. Sipes, 233 N.C. 633, 635, 65 S.E.2d 127, 128 (1951), respectively)); State v. Harris, 186 N.C. App. 437, 439-40, 650 S.E.2d 845, 847 (2007) (holding, as to force element of common law robbery, that "'actual force implies personal violence' . . . sufficient to induce the victim to part with his or her property" and "[c]onstructive force includes any demonstration of force that puts the victim in fear to the extent that he or she is induced to part with the property" (quoting and citing State v. Sawyer, 224 N.C. 61, 65, 29 S.E.2d 34, 37 (1944)) (internal alteration omitted)); see also Carter v. United States, 530 U.S. 255, 275 (2000) (Ginsburg, J., dissenting) ("At common law, robbery meant larceny *plus* force, violence, or putting in fear." (italics in original)).[4]

---

[4] One unpublished opinion from the Fourth Circuit, United States v. Carmichael, 408 F. App'x 769 (4th Cir. 2011), does appear to question whether North Carolina's common law robbery offense comes within the reach of the force clause, see id. at 770 ("Although [common law robbery in North Carolina] does not
(continued...)

6

21, 2011) (unpublished) (Beaty, C.J.); State v. Elkins, 210 N.C. App. 110, 113-14, 707 S.E.2d 744, 748 (2011) ("The elements of common-law robbery are 'the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear.' . . . The element of force, which requires proof of a taking either by violence or putting the victim in fear, may be 'actual or constructive.'" (quoting State v. Smith, 305 N.C. 691, 700, 292 S.E.2d 264, 270 (1982), and State v. Sipes, 233 N.C. 633, 635, 65 S.E.2d 127, 128 (1951), respectively)); State v. Harris, 186 N.C. App. 437, 439-40, 650 S.E.2d 845, 847 (2007) (holding, as to force element of common law robbery, that "'actual force implies personal violence' . . . sufficient to induce the victim to part with his or her property" and "[c]onstructive force includes any demonstration of force that puts the victim in fear to the extent that he or she is induced to part with the property" (quoting and citing State v. Sawyer, 224 N.C. 61, 65, 29 S.E.2d 34, 37 (1944)) (internal alteration omitted)); see also Carter v. United States, 530 U.S. 255, 275 (2000) (Ginsburg, J., dissenting) ("At common law, robbery meant larceny *plus* force, violence, or putting in fear." (italics in original)).[4]

---

[4] One unpublished opinion from the Fourth Circuit, United States v. Carmichael, 408 F. App'x 769 (4th Cir. 2011), does appear to question whether North Carolina's common law robbery offense comes within the reach of the force clause, see id. at 770 ("Although [common law robbery in North Carolina] does not
(continued...)

6

**IT IS THEREFORE RECOMMENDED** that Petitioner's "Reply to the Government's Response" (Docket Entry 40) be construed as a motion to amend his Section 2255 Motion and that it be denied as futile without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 29, 2015

---

⁴(...continued)
necessarily have as an element the use, attempted use, or threatened use of physical force against the person of another, . . . it qualifies as a violent felony under the residual clause in § 924(e)(2)(B)(ii) . . . ." (internal quotation marks omitted) (emphasis added)); however, the Carmichael Court neither confronted the published authority of Bowden and Presley, which indicates that North Carolina's common law robbery offense meets the terms of the force clause, nor otherwise offered a reasoned basis for doubting that conclusion. See id. Given that fact and the other persuasive authority on point, Carmichael does not provide an adequate foundation to deem common law robbery in North Carolina inconsistent with the force clause.

7

Case 1:11-cr-00313-WO   Document 41   Filed 10/29/15   Page 7 of 7